cant are the same as described in the application, there can be no recovery upon it (unless the condition be waived) if it appears at the trial that the insured was in worse health, when the policy was issued and delivered, than as described in the application is well founded; and it is immaterial that any changed condition is known to him and concealed from the company with fraudulent intent. In other words, the validity of the policy depends not upon the knowledge of the insured and concealment by him with fraudulent intent, but upon the fact that he was in worse health at the time of the delivery of the policy than was the condition of his health as described in the application. See *McAuliffe* v. *Metropolitan Life Insurance Co.,* 93 *N. J. L.* 189.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.    9.

*For reversal*—None.

EDITH ROE, RESPONDENT. v. WALTER G BONHAM, APPELLANT.

Submitted July 9, 1923—Decided October 5, 1923.

On appeal from the Supreme Court in which the following *per curiam* was filed:

"This is a suit in replevin for an automobile. The plaintiff is a trustee in bankruptcy of the A. L. Kirby Company. The defendant Ellis was an officer of that company. The Kirby company bought the automobile and had a bill of sale for it in compliance with the act of 1919. *Pamph L., p.* 357. This act makes it unlawful to sell or purchase any motor

vehicle except in the manner and subject to the conditions therein provided. One of the conditions is that in all sales or purchases of a motor vehicle direct from the manufacturer or through an agent or agency of such manufacturer, there shall be issued to the purchaser a manufacturer's bill of sale containing the manufacturer's number on the engine or motor of the vehicle sold. In all other sales it is required that the original bill of sale shall be assigned by the seller to the purchaser by an assignment witnessed by two persons and acknowledged by the seller before a notary public, and all such assignments shall at all times be kept and attached to the original manufacturer's bill of sale. These provisions are obviously intended to assist in protecting automobiles from the danger of theft.

"We see no reason to doubt their validity. The Kirby company had a bill of sale in compliance with the statute. The defendant never had. Of course the bill of sale for the automobile was properly admitted in evidence. It was a necessary document of title. We think the questions objected to in grounds of appeal Nos. 2, 3, 4, 5, 6, 7 were properly overruled. We are unable to see what relevancy the proffered evidence had to the case.

"We find no error in the record. The judgment must be affirmed."

For the appellant, *Rex A. Donnelly.*

For the respondent, *LeRoy W. Loder.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 10.

*For reversal*—None.