OHIO FINANCE CO. v. McREYNOLDS et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1624. Decided Nov. 28, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

163. BONA FIDE PURCHASER—229. Chattel Mortgages—144. Bills of Sale—118. Automobiles.

Where chattel mortgage on automobile is given and recorded before the mortgagor acquires legal title of record, innocent purchaser from such mortgagor, in chain of title, holds superior title to that taken by mortgagee under such chattel mortgage.

941. PRACTICE AND PROCEDURE—950. Proof.

Upon claim of former adjudication, burden of proof is upon party making such claim. Incumbent upon such party to prove that action was filed and summons issued and served, prior to acquiring of adverse title.

Error to Common Pleas.

Judgment affirmed.

W. B. McLeskey, Columbus, for Finance Co.
John R. Horst, Columbus, for McReynolds.
W. S. Pealer, Columbus, for H. B. Tait Co.

STATEMENT OF FACTS.

The case originated in the Municipal Court and the final issue was as to the validity of the mortgage of the Ohio Finance Company.

The Municipal Court adjudged the mortgage of the Ohio Finance Company invalid and the Court of Common Pleas affirmed the judgment. The case is here on error.

The chronology of the facts is as follows:

Nov. 21, 1925, the automobile was sold verbally to John Oswald.

March 22, 1924, Oswald mortgaged to the Ohio Finance Company.

March 29, 1924, said chattel mortgage was filed.

May 3, 1924, bill of sale to John Oswald was executed and filed.

June 24, 1924, Oswald, by bill of sale duly filed, sold to Chas. Taggart.

Nov. 10, 1924, Taggart, by bill of sale duly filed, sold to B. C. Bond.

Nov. 28, 1924, Bond, by bill of sale duly filed, re-sold to Taggart.

June 15, 1925, Taggart, by bill of sale duly filed, sold to Thos. McReynolds.

Feb. 9, 1925, McReynolds sold to H. B. Tait Company.

Jan. 15, 1925, the Ohio Finance Company filed suit in replevin for said automobile.

Nov. 30, 1925, this action was commenced.

ALLREAD, J.

"The final questions here are:

1. Is a bona fide purchaser of an automobile under a legal chain of title to take notice of a chattel mortgage given by the owner and placed on file before such owner acquires the legal title of record?

2. Is an adjudication in a former action, in favor of such chattel mortgagee, conclusive upon the parties in this action?

In the case of the Ohio Farmers Insurance Co. v. Todinia, 111 OS. 274, the court had before it a case involving the scope and effect of the automobile registration law wherein it was held that no title to a purchaser of an automobile vested until a bill of sale, duly executed and delivered, is filed for record.

Whatever equitable rights or inchoate title vested in Oswald at the time of the verbal contract to purchase and delivery of possession, we need not decide. The full legal title vested only when the bill of sale to Oswald was executed, delivered and filed of record. The mortgage of Oswald, taken and filed prior to the vesting of the legal title in Oswald, was, at most, an equitable mortgage. It was not a conveyance in the chain of title. It is claimed that when Oswald completed his title by obtaining and filing the bill of sale, the equitable mortgage of the Finance Company ripened into a vested legal mortgage by operation of law. In a limited sense this would be true but we cannot escape the conclusion that the rights of the mortgagee would attach only as against the mortgagor and others having no superior equity.

The purchasers from Oswald were bona fide purchasers for full value and without actual notice of the rights of said chattel mortgagee. The final question is, therefore, are such purchasers chargeable with notice of the chattel mortgage executed by Oswald prior to his obtaining the legal title. We are unable to find an adjudication upon this exact question in our own state. The case of Sternberger v. Ragland, 57 OS. 148, contains a discussion on the subject of constructive notice as applied to conveyances not in the chain of title.

This case shows a disposition to confine constructive notice to conveyances in the chain of title. Upon the identical question here the decisions in other states are in conflict. We, however, adopt this statement of the law from 23 Ruling Case Law, page 209.

Accepting this view we hold that the purchasers from Oswald, in the line of title, hold a superior title to that taken by the Ohio Finance Company under its chattel mortgage.

This leaves for consideration the effect of the former adjudication. The burden of proof is upon the Ohio Finance Company upon this issue. The agreed statement of facts shows that the replevin action was filed on or about Jan. 15, 1925, but no showing is made as to when the summons was issued or served upon the actual defendants nor does it appear in the record that the property was actually taken from the custody of its owner until about April 15, 1925. In the meantime Thomas McReynolds acquired title to and possession of the automobile as a bona fide purchaser for full value and without notice. The bill of sale was filed Jan. 16, 1925. McReynolds' title was therefore complete on Jan. 16, 1925, and it would be incumbent upon the Ohio Finance Company, in order to sustain its claim of adjudication, to prove that its action in replevin was not only filed but that summons was issued and served and the property taken before McReynolds acquired his title. This, we think, the record fails to show and the claim of adjudication must be rejected as McReynolds, at least, was a necessary party to the replevin action. It follows, therefore, that the judgments of the Municipal Court and the Court of Common Pleas should be affirmed."

(Ferneding and Kunkle, JJ., concur.)