## SOUTHWEST SECURITY CO. v. JACQUES et al.

### No. 1319–5830.

Commission of Appeals of Texas, Section B. Oct. 14, 1931.

R. G. Hughes, of San Angelo, for plaintiff in error.

Upton & Upton, of San Angelo, for defendants in error.

RYAN, J.

Plaintiff in error brought this suit to recover on a promissory note for $400 dated July 20, 1928, with 10 per cent. per annum interest and 15 per cent. attorney's fee, made by Joe Jacques to J. W. Newsom, and to foreclose a chattel mortgage lien on an automobile securing it. Jacques made default, and a personal judgment was rendered against him for the amount of the note, with interest and attorney's fee, but foreclosure of lien was denied under the plea of intervention and proof thereunder, of Howard Graham, that he was the owner of said automobile and acquired it in good faith, for value, without notice of any claim of the plaintiff company or of defendant Jacques.

The Court of Civil Appeals affirmed that judgment. 31 S.W.(2d) 1098.

The trial court found as facts: In July, 1928, J. W. Newsom was engaged in the business of buying and selling secondhand cars, and the automobile above described was a secondhand automobile; Joe Jacques was employed by the said J. W. Newsom as an "Auto Laundry" at a car exchange in the city of San Angelo; on the 23d day of July, 1928, D. J. Hostetter Company, as agent for Mrs. I. V. Jordan, sold and conveyed the above-described automobile to J. W. Newsom, which transfer and assignment was filed with the tax collector of Tom Green county, and the automobile delivered to J. W. Newsom; on the 28th, 29th, and 30th of August, 1928, J. W. Newsom had this car on a vacant lot, where he conducted the business of buying and selling automobiles, together with a number of other cars for sale, and on the 30th day of August, 1928, J. W. Newsom, for a valuable consideration, sold and transferred this car to W. C. Pratt, which transfer was registered with the county tax collector, as made and provided by law; thereafter the said W. C. Pratt sold and conveyed said automobile to Howard Graham, which was evidenced by a bill of sale and transfer duly registered with the county tax collector of Tom Green county, Tex.; the records, by regular transfers, show the ownership of this car to be in Howard Graham; neither W. C. Pratt, nor Howard Graham had any actual or constructive notice of the mortgage executed by Joe Jacques; no bill of sale was executed or de-

livered from J. W. Newsom to Joe Jacques; there was no testimony that Joe Jacques ever had possession of this automobile, or that Joe Jacques ever owned, claimed, or asserted any right, title, or interest in and to said property.

The trial court further found that W. C. Pratt made inquiry of J. W. Newsom as to whether there was any mortgage against said car, and was informed that there was not. He also telephoned Hostetter as to liens on said car and was informed that it was transferred to Newsom, clear. He examined the records and found no mortgage given by Newsom, and did not find the mortgage from Jacques to Newsom above referred to; that, on July 20, 1928, Joe Jacques executed a note payable to the order of J. W. Newsom for the sum of $400. payable at the office of Southwest Security Company, San Antonio, Tex., and payable in monthly installments of $50 each; on the same day Jacques executed a chattel mortgage on the car in question, which mortgage, together with an assignment in favor of Southwest Security Company, was filed for record in the county clerk's office on the 20th day of July, 1928, at 9:10 a. m. The note above described was indorsed on the back by J. W. Newsom, payable to the order of Southwest Security Company. On the 23d day of July, 1928, Southwest Security Company gave a check for the sum of $348, which was paid on July 24, to J. W. Newsom in payment for said note; at the time that the Southwest Security Company delivered such check, it demanded of J. W. Newsom a bill of sale to him. transferring said car, but did not demand a bill of sale or transfer from J. W. Newsom to Joe Jacques.

The trial court concluded from the above and foregoing facts that, when W. C. Pratt purchased said automobile from J. W. Newsom, he took the same free from the mortgage held by Southwest Security Company. He also concluded, as a matter of law, that the mortgage introduced by plaintiff Southwest Security Company is insufficient to show ownership of said automobile in Joe Jacques, and that plaintiff is not entitled to a foreclosure of its mortgage, and that W. C. Pratt and Howard Graham are innocent purchasers for value without notice of plaintiff's mortgage.

Those findings were not excepted to, and no attack is made upon them by any assignment of error.

■■ We think disposition of this case is ruled by the doctrine of Rhea Mortgage Co. v. Lemmerman (Tex. Com. App.) 10 S.W.(2d) 690, 691, the facts being almost identical in both cases.

Paraphrasing the language of Judge Leddy, who delivered the opinion in that case— there is no evidence in the record, aside from the mortgage showing that Jacques was the owner of the car at the time he executed the mortgage under which plaintiff in error claims; the car was never licensed in the name of Jacques on the records of the county; the car was kept as part of Newsom's stock, daily exposed for sale, and was never in the individual possession of Jacques.

As said by Judge Leddy in that case: "The overwhelming weight of authority establishes the rule that a mortgage on personal property made by one who is not the owner thereof, although placed of record, is not constructive notice to any one dealing with the owner of the property."

Here, as in that case, there is no evidence in the record, aside from the mortgage, showing that the mortgagor was the owner of the car at the time he executed the mortgage; he held no bill of sale to himself, the car was never licensed in his name on the records of the county, and possession remained in Newsom, who conveyed to Pratt and Pratt to Graham.

It is claimed that the opinion of the Court of Civil Appeals conflicts with that of the Commission of Appeals. in Hennessy v. Automobile Owners' Ins. Ass'n, 282 S. W. 791, 46 A. L. R. 521. We think not.

In that case, there was an actual sale to Hennessy with surrender of possession to him, though no bill of sale was delivered; Hennessy sold to Chisholm and surrendered possession to the latter, but gave no bill of sale. Hennessy retained a mortgage on the automobile in question to secure payment of the notes executed to him by Chisholm in payment for same. After the sale to Chisholm, the Automobile Owners' Insurance Association issued its insurance policy against fire and theft, payable to Hennessy, mortgagee, as his interest might appear. After the issuance of the policy, and while same was in full force and effect, the car was stolen and destroyed by fire. The association refused to make payment under the policy on the ground that neither Hennessy nor Chisholm had a bill of sale to the destroyed car, and therefore that they acquired no title thereto. Judge Bishop simply held that such a sale. without a bill of sale being given, is not void, and that Hennessy had an insurable interest in the property insured, recoverable under the insurance policy issued to him. The facts in the two cases are entirely different in our opinion.

Believing that a correct conclusion was reached by the trial court and the Court of Civil Appeals, we recommend that their judgments be affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.