## FITZGERALD et al. v. PEOPLE'S FINANCE & THRIFT CO.

No. 28458.   Nov. 22, 1938.

H. B. Lockett, for plaintiffs in error.

Brown & Cund and Sam S. Gill, for defendant in error.

DAVISON, J.   This action was commenced in the district court of Stephens county on December 4, 1935, by the People's Thrift & Finance Company, an Oklahoma corporation, engaged in the business of buying commercial paper secured by chattel mortgages on automobiles. The plaintiff, in its amended petition, upon which the issues were framed, sought to recover from Pat Fitzgerald and H. B. Lockett, as defendants, the sum of $310, with interest accrued and

accruing, for the alleged conversion of an automobile, in which the plaintiff claimed a special interest of the value above set forth by virtue of a chattel mortgage.

On the 29th day of April, 1937, a jury was impaneled to try the cause, but at the conclusion of the evidence the trial court, on motion of the plaintiff, withdrew the matter from the consideration of the jury and directed a verdict in favor of the plaintiff. Judgment was entered accordingly. The defendants present the case for review. The order of appearance is thus reversed in this court. For the sake of convenience we shall continue to refer to the parties by their trial court designation.

In March of 1935, and for some time prior and subsequent thereto, Miller Sales, Incorporated, was a concern located in Oklahoma City and engaged in the business of selling used cars. It was managed and controlled by one Al Miller. On the second day of that month, the defendant, Lockett, a resident of Stephens county, selected and purchased from the stock on display by Miller Sales the second-hand automobile around which this controversy centers. He immediately removed the same to Stephens county, where it was thereafter sold to the defendant Pat Fitzgerald.

The plaintiff is claiming its interest in the automobile under and by virtue of a chattel mortgage purporting upon its face to have been executed on the 9th day of January, 1935, by one Ben F. Sparkman to Miller Sales, Inc., to secure the purchase price of the automobile. This mortgage, together with the debt secured thereby, was purchased from Miller Sales, Inc., by plaintiff. The chattel mortgage was also filed of record upon the date of its purported execution, which it will be noted predated the defendant Lockett's purchase of the car. Although compliance with the provisions of the statute with reference to filing instruments of record (including section 9, Senate Bill 191, S. L. 1935, p. 231, effective March 28, 1935) is a matter of some dispute between the parties, it may be assumed, for the purpose of this appeal, that the recording acts were in all essential respects complied with.

The trial court's decision was evidently based upon the theory that the recording of the chattel mortgage operated as an absolute protection to the assignee thereof. This, however, was not a correct view of the law, if, as the defendant contends, Ben F. Sparkman, the purported mortgagor, was never the owner of the car. This point was carefully covered in People's Finance & Thrift Co. v. Shirk, 181 Okla. 418, 74 P.2d 379.

Incidentally, the above-cited case was decided subsequent to the trial of this case, and thus the trial tribunal was without the benefit of that opinion as a guide in this case.

The plaintiff urges that our decision on appeal should not be governed by the Shirk Case, supra, because of the alleged existence of an important distinction. It is pointed out that in the cited case it was stipulated that the mortgagor did not own the automobile, whereas in this case no such stipulation was made.

The distinction is not vital, for the reason that, although the stipulation is absent in this case, there is sufficient evidence in the record upon which to base a conclusion that the mortgagor, Ben F. Sparkman, did not in fact own the car. This evidence should have been submitted to the jury for its consideration upon the question of ownership.

The plaintiff relied upon the note and mortgage as evidence to establish as a fact that the purported mortgagor owned the mortgaged property at the time he gave the mortgage. The evidence thus relied upon was prima facie sufficient but not conclusive. Cockrell et al. v. Schmitt, 20 Okla. 207, 94 P. 521. In refutation thereof, the defendant produced as a witness one of the regular salesmen who worked for the Miller Sales, Inc., for a period of time including the date upon which the mortgage was given. The witness testified in substance that he was familiar with the cars in stock for sale and as a salesman knew when sales were made from among the cars on hand; and that the car purchased by the defendant Lockett was in stock for sale by Miller Sales, Inc., before, during, and after the time the mortgage was given and was not removed from the stock until purchased by the defendant. He also testified that it had not been sold during that time. His testimony was not absolutely certain or conclusive on the point, but, if believed by the jury, would have been sufficient. It was of ample probative force to merit its submission for the consideration of the fact-finding group. We so hold. It follows that the trial court erred in directing a verdict, and this case must be reversed for retrial. Other points presented in the briefs need not be considered.

Reversed and remanded.

OSBORN, C. J., and CORN, GIBSON, and HURST, JJ., concur.