RIGNEY, APPELLANT, v. SWINGLEY ET AL., RESPONDENTS.

(No. 8,118.)

(Submitted April 24, 1941. Decided May 6, 1941.)

[113 Pac. (2d) 344.]

*Mr. E. J. McCabe* and *Mr. S. J. Rigney (pro se),* for Appellant, submitted a brief; *Mr. Rigney* argued the cause orally.

*Messrs. Walchli & Korn,* for Respondent, submitted a brief; *Mr. Daniel J. Korn* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action to foreclose a chattel mortgage covering a Chevrolet automobile. The mortgage was executed by defendant Douglas Swingley and the Schott-Schnee Motor Company was made a defendant because it claims to be the owner of the car. The cause was tried to the court sitting without a jury, and judgment went in favor of the motor company.

The record discloses that Ruby Swingley purchased the car on a conditional sales contract on April 28, 1936. The contract was filed with the Registrar of Motor Vehicles at Deer Lodge, and was satisfied of record on September 3, 1937. The original certificate of title covering the car was issued by the Registrar to Ruby Swingley on May 2, 1936, showing her to be the legal and registered owner of the car. It is shown without dispute that defendant Douglas Swingley furnished the money with which to pay for the car, except that he borrowed some from one Hiebert.

The mortgage which plaintiff seeks to foreclose was executed by Douglas Swingley, who never appeared in the chain of title to the car. On May 27, 1938, a duplicate certificate was issued to Ruby Swingley, showing her to be both the legal and registered owner of the car, and showing no liens or incumbrances against it, the original certificate having theretofore been lost. The mortgage relied upon by plaintiff was executed on January 14, 1938. Defendant Douglas Swingley knew when he made the mortgage that the car was registered in the name of Ruby Swingley as the owner, and that he was a stranger to the certificate of title. The evidence shows that plaintiff Rigney knew at the time he took the mortgage that the certificate of title had been issued to Ruby Swingley, and that she was the registered owner thereof at the time the mortgage was given. Plaintiff at no time had possession of the car. Plaintiff's mortgage was sent to the Registrar at Deer Lodge for filing on January 15, 1938, but it was subsequently withdrawn from the active file because it was executed by one not in the chain of title, and plaintiff was notified of such withdrawal prior to the time that the duplicate certificate of title to Ruby Swingley was issued.

On June 10, 1938, Ruby Swingley transferred her ownership in the car to Harold L. Hiebert. On August 24 Hiebert sold the car to the Schott-Schnee Motor Company in Kalispell by trading it in for another car and receiving an allowance in the sum of $495 on the Chevrolet car. On that day Hiebert had possession of the car but the certificate of title was held by his attorney, Ainsworth, in Thompson Falls. Before completing the transaction, the manager of the defendant company telephoned to Ainsworth with reference to the title and was assured by him that Hiebert had the certificate of title and was the legal and registered owner and that there were no liens or incumbrances against it. The certificate of title issued by the Registrar to Hiebert showed Hiebert to be the owner of the Chevrolet, and that there were no liens or incumbrances against it. The transfer of this certificate of title was not formally issued by Hiebert to the defendant company until September 10, 1938.

On September 27 the Registrar of Motor Vehicles issued a new certificate of title to the defendant company, which showed it to be the owner free and clear of any liens and incumbrances.

On September 10 the sheriff of Flathead county posted notice of sale under the mortgage in defendant's garage, and this was the first knowledge it had of plaintiff's mortgage. Defendant company filed a third-party claim, and this action was instituted for the foreclosure of the mortgage. On October 5 the sheriff took possession of the car and has ever since retained it.

Numerous specifications of error have been made by appellant. In our opinion but two questions are raised which are determinative of the case; the first being the force and effect of our statute relating to the registration of motor vehicles, and the second whether or not the court was warranted in finding, as it did, that the motor company is entitled to $250 damages against the plaintiff.

Plaintiff takes the position that the ownership of the car can be proved otherwise than by the registration thereof. This contention makes it necessary to consider the purpose of our registration statutes. We have said in *Anderson* v. *Commercial Credit Co.*, 110 Mont. 333, 101 Pac. (2d) 367, 371: "The purpose of automobile registration, being a police regulation, is to provide a method to deter automobile thefts, and to apprehend thieves."

Some courts take the view that legal title to an automobile can be established only through the evidence shown by the registration required by statute. (*Merchants' Sec. Corp.* v. *Lane,* 106 N. J. L. 169, 147 Atl. 385; *McGlynn* v. *Ellis,* 102 N. J. L. 729, 123 Atl. 373.) Others take the view that the fact that a person is or is not the registered owner is merely a circumstance to be considered upon the issue of ownership, but that it does not conclusively establish the fact. (*Tigue Sales Co.* v. *Reliance Motor Co.,* 207 Iowa, 567, 221 N. W. 514; *Amick* v. *Exchange State Bank,* 164 Minn. 136, 204 N. W. 639; *Commonwealth* v. *Overheim,* 106 Pa. Super. 424, 162 Atl. 475; *Wilkison* v. *Grugett,* 223 Mo. App. 889, 20 S. W. (2d) 936.) All the

cases, however, hold that an innocent purchaser relying on the record ownership will be protected, particularly when dealing with such record owner who is also in possession of the automobile. (*Shockley* v. *Hill,* 91 Colo. 451, 15 Pac. (2d) 623; *Moore* v. *Wilson,* 230 Ky. 49, 18 S. W. (2d) 873.) In this state the rule is made plain by statute.

Section 1758.3, Revised Codes, provides: "No chattel mortgage or conditional sales contract on a motor vehicle shall be valid as against creditors or subsequent purchasers or encumbrancers until the mortgage or conditional sales vendor therein named is registered as the legal owner thereof as herein provided."

From the foregoing résumé of the evidence, it is clear that ▉ the motor company at the time it purchased the car in question had neither actual nor constructive notice of plaintiff's mortgage. It was entitled to rely upon the record which showed that Hiebert was the owner of the car and that Douglas Swingley was a stranger to the title. While the facts are not exactly the same, the holding in the following cases support the conclusion that a mortgage by one not in the chain of title though recorded is not constructive notice to subsequent purchasers: *Ohio Finance Co.* v. *McReynolds,* 27 Ohio App. 42, 160 N. E. 727; *Rhea Mortgage Co.* v. *Lemmerman,* (Tex. Civ. App.) 294 S. W. 959; Id., (Tex. Com. App.) 10 S. W. (2d) 690; *Southwest Securities Co.* v. *Jacques,* (Tex. Civ. App.) 31 S. W. (2d) 1098; Id., (Tex. Com. App.) 42 S. W. (2d) 232; *People's Finance & Thrift Co.* v. *Shirk,* 181 Okl. 418, 74 Pac. (2d) 379; *Fitzgerald* v. *People's Finance & Thrift Co.,* 184 Okl. 44, 84 Pac. (2d) 625; *Kurtz* v. *Adrian,* 46 S. D. 125, 191 N. W. 188. And see 5 R. C. L. 415; 10 American Jurisprudence, Chattel Mortgages, sec. 116, p. 791; 14 C. J. S., Chattel Mortgages, sec. 164, page 772.)

The court properly held that defendant motor company is the lawful owner of the car in question and that plaintiff has no right or interest therein by virtue of his mortgage.

Plaintiff introduced some evidence tending to show that defendant had actual notice of the mortgage, but this was denied by defendant and the question thus became one for the fact finding tribunal.

The plaintiff complains that the court erred in awarding damages to the motor company. The motor company in its answer and by way of cross-complaint invoked section 9478.1, Revised Codes, which authorizes the bringing of an action to quiet title to personal property. It alleged that it had sustained damages to the extent of $250 because of the action of plaintiff in taking and retaining possession of the car. The court awarded the entire amount alleged as damages.

Section 8659, Revised Codes, provides that "every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages." By virtue of this section the injured party may recover those damages which directly flow from the act of the person causing them. In the case at bar the damages alleged are compensable as flowing directly from the act of plaintiff.

It is well settled that a court of equity, once having jurisdiction, retains it for all purposes and may award damages. (See, generally, annotation in 95 A. L. R. 228; also *Grosfield* v. *Johnson,* 98 Mont. 412, 39 Pac. (2d) 660; *Blose* v. *Havre Oil & Gas Co.,* 96 Mont. 450, 31 Pac. (2d) 738; *McConnell* v. *Combination M. & M. Co.,* 30 Mont. 239, 76 Pac. 194, 104 Am. St. Rep. 703; 21 C. J. 140, sec. 121.)

It is also well settled that in order for the damages to be recovered, there must be proof of the extent and amount thereof. (*Raas* v. *Sharp,* 46 Mont. 474, 128 Pac. 594; *Bush* v. *Chilcott,* 64 Mont. 346, 215 Pac. 1001; *McFarland* v. *Welch,* 48 Mont. 196, 136 Pac. 394.) In this case the evidence of damages may be grouped under two heads: First, the loss due to depreciation of the car; and, second the expense which the defendant was put to in maintaining its rights by pursuing its property.

As to the first, it is shown that the defendant on October 6, 1938, allowed Hiebert $495 on the particular car on a trade on a new car; that the defendant put work and repairs on the car in the amount of $84.74; that at the time of the taking of the car by the sheriff, the car was worth $579.74; that at the time of the trial the value was $450, thus making a net loss on the car due to its aging amounting to $129.75. The evidence relating to this item of damages was uncontradicted. It is sufficient to sustain an award in the sum of $129.75. However, defendant pleaded damages by way of depreciation in the sum of $100 only, and it will be limited in its recovery on this item to the sum of $100, since the evidence tending to show a greater amount went in over plaintiff's objection. Plaintiff further contends that loss by depreciation is not the proper measure of damages, but that the proper measure is the value of the use of the car by plaintiff less depreciation. This is the general rule when the property is detained from one who desires to use it and is used by the one who detains it. (*Puckett* v. *Hopkins*, 63 Mont. 137, 206 Pac. 422; *Luther* v. *Lee*, 62 Mont. 174, 204 Pac. 365; *Rasmussen* v. *Lee & Co.*, 104 Mont. 278, 66 Pac. (2d) 119.) Here defendant did not intend to use the car but, had its possession not been interfered with, would have placed it on the market for sale. In such circumstances depreciation from age is a proper measure of damages. This court so intimated in *Hammond* v. *Thompson*, 54 Mont. 609, 173 Pac. 229. (See, also, 54 C. J. 618 and 626.)

The other items of damage are for the expenses required to make a "third party claim," trips to Thompson Falls, Deer Lodge, Cut Bank, Browning, and Conrad, and the taking of depositions. Under the weight of authority these are proper items of damage. (54 C. J. 629.) However, there is no evidence as to the amount expended or incurred for any of these purposes. Since defendant motor company failed to sustain the burden resting on it to establish these items of damages, it cannot be compensated therefor. Even when attorneys' fees are claimed as special damages, there must be allegation and

proof of the amount expended or incurred subject to the further requirement that the amount must be reasonable. (Note in 25 A. L. R. 599.) The evidence admissible under the pleadings sustains an award of damages in the sum of $100 and no more.

The cause is remanded with directions to modify the judgment in accordance with this opinion and as modified the judgment will stand affirmed. Respondent motor company will recover its costs on this appeal.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.

Rehearing denied June 3, 1941.