No. 85-629

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

JOHN B. EDWARD; BARRY M. EDWARD; ROSS
B. EDWARD; J. BRENT EDWARD; ANNETTE E.
STEPHENSON; SCHNEITER ENTERPRISES, LTD.,
a limited partnership; THAIR Q. SCHNEITER;
CHERYL ANN SCHNEITER: C.M. COFFEE: and
VIRGINIA N. COFFEE,

        Plaintiffs and Respondents,

   -vs-

F. S. PRINCE,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Sixteenth Judicial District,
              In and for the County of Rosebud,
              The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Poore, Roth, & Robinson; James A. Poore, Jr.,
        Butte, Montana

    For Respondent:

        Sandall, Cavan, Smith, Howard & Grubbs; James L.
        Sandall, Billings, Montana

---

        Submitted on Briefs: March 13, 1986

           Decided: May 9, 1986

Filed:  MAY 9 - 1986

*Ethel M. Harrison*
_____
          Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Defendant appeals the October 8, 1985, order of the Sixteenth Judicial District Court, County of Rosebud, granting summary judgment in favor of plaintiffs. We affirm.

Plaintiffs brought this action to cancel overriding royalties assigned to F. S. Prince and J. R. Mulliner in 1952 alleging a cloud on plaintiff's royalty title. At the time of trial only Prince remained as a defendant.

In 1952, plaintiffs' predecessors in interest, George Schneiter and John B. Edward & Son, Inc. were owners of the land and mineral rights in question. J. R. Mulliner & F. S. Prince, partners in a Salt Lake City, Utah, law firm, were retained to negotiate an oil and gas lease with the Owanah Oil & Development Corporation (Owanah). In August 1952, a meeting was held in the law firm's office in Salt Lake City, attended by George and Bernice Schneiter, John and Donna Edward, J. R. Mulliner, and Francois de Gunzburg, Owanah's executive vice-president. Prince was not at the meeting.

The purpose of the meeting was to go over the lease terms, which had been drawn by Mulliner. The lease was a standard oil and gas lease granting Owanah the right to exploration upon the lessor's land for a term of 10 years with the lessor to receive $2 per acre in delayed rental; additionally, the lessors retained an one-eighth royalty interest in the oil and gas produced from the land.

Paragraph 11 of the lease required Owanah to commence drilling within one year of the date of the lease, and further provided, "[a]ttached hereto and by reference made a part hereof is exhibit A, which said exhibit has been

2

concurrently executed by the parties hereto." The date on the lease was August 21, 1952, and it was signed by George and Bernice Schneiter, John Edward and Francois de Gunzburg. John Edward acknowledged the lease before a notary public in Montana on October 14, 1952.

Exhibit A of the lease provided in part:

In addition to the royalty to be paid as set out in the printed portion of this Oil and Gas Lease, Lessee agrees to pay to Lessor a one per cent (1%) overriding royalty on all oil produced and saved from the entire acreage set forth in this Oil and Gas Lease.

The date on Exhibit A was August 21, 1952, however, "August" was crossed out and "October" handwritten above. The signing parties were the same as on the lease. The signatures of the Schneiters and de Gunzburg were acknowledged before a notary public in Utah on October 21, 1952. The signature of Edward was acknowledged in Montana on October 3, 1952.

On August 22, 1952, an "Assignment of Overriding Royalty" granting a royalty interest to F. S. Prince was signed by George and Bernice Schneiter and John Edward. This document, acknowledged before J. R. Mulliner on the same date, provided in part:

WHEREAS, by Oil and Gas Lease dated August 21, 1952, Assignors leased said land to Owanah Oil and Development Corporation, for the purpose of exploring and drilling for oil and gas, and

WHEREAS, by reason of said lease Assignors retained an oil and gas royalty interest in the production that may be produced, saved and sold from said above-described lands,

NOW THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, the Assignors do hereby sell, assign, transfer, convey and set over unto F. S. PRINCE, of 81.7 Continental Bank Building, Salt Lake City, Utah, hereinafter called Assignee, an overriding royalty of one-fourth (1/4) of one per cent (1%) of the value, at the field market price at the time of production of the oil and/or gas that may be

3

produced, saved and sold from the above-described land.

Assignors do hereby represent that they are the owners of the one-fourth (1/4) of one per cent (1%) overriding royalty herein assigned and have full legal right to transfer the same. Assignors, however, do not guarantee or warrant title to the lands, lease or royalties except that Assignors do warrant and guarantee title to said lands, lease and royalties as to acts of their own commission.

An identical assignment was concurrently executed by the same parties in favor of Mulliner.

Owanah failed to commence drilling within one year, and the lease was terminated on November 4, 1953. Several other companies leased the land for exploration purposes, with oil eventually being discovered in 1981. On March 5, 1982, Barry Edward, John Edward's son, sent Prince a letter requesting his signature on a quit claim deed to eliminate Prince's royalty interest which was still of record. Prince refused to sign, and plaintiffs brought suit to quiet title.

Depositions were taken of John and Donna Edward, and Prince. At the time of filing of the complaint, both George Schneiter and J. R. Mulliner were dead.

Prince's deposition testimony revealed the following: that his partner, Mulliner, drafted the lease and assignments; that Prince had no recollection of the assignments; that Prince recalled a conversation with George Schneiter sometime in 1952 in which Schneiter promised to give Prince a royalty interest as a fee for handling upcoming litigation in which Schneiter expected to be involved; that Prince successfully defended Schneiter in the lawsuit but never received any sort of compensation other than the royalty assignment. John Edward's deposition testimony revealed that at the meeting in 1952, J. R. Mulliner explained to the Edwards that the 1% overriding royalty had

4

nothing to do with the 12½% landowner royalty, and that the overriding royalty interests were going to Mulliner and Prince for their work in putting together the lease.

Following discovery, plaintiffs moved for summary judgment; a hearing was held on the motion August 6, 1985. The District Court entered a memo opinion and order on September 23, 1985, granting summary judgment in favor of plaintiffs, finding that Prince's royalty interest was an overriding royalty which had terminated with the termination of the Owanah lease. The sole issue on appeal is whether the District Court erred in granting plaintiffs' motion for summary judgment.

Prince asserts the assignment is ambiguous, and may be interpreted as giving him a non-terminating, perpetual royalty interest. We disagree. The language Prince claims is ambiguous is contained in the conveyance clause which grants to Prince "an overriding royalty of one-fourth (1/4) of one per cent (1%) of the value . . . of the oil and/or gas that may be produced, saved and sold from the above-described land." (Emphasis added.) Prince asserts the reference to "above-described land" may be interpreted to assign him a perpetual royalty interest rather than an overriding royalty terminating concurrent with the lease termination.

Section 70-1-513, MCA, provides that a grant of real property is to be interpreted under the same principles governing the interpretation of contracts. Section 28-3-202, MCA, provides: "The whole of a contract is to be taken together so as to give effect to every part if reasonably practicable, each clause helping to interpret the others."

Looking to the disputed assignment, we note that the reference to "above-described land" in the conveyance clause

5

does raise a possible ambiguity, however, when the other language in the assignment is considered, the intent of the grantors becomes clear. Following the conveyance clause, the document provides, "Assignors . . . are the owners of the one-fourth (1/4) of one per cent (1%) overriding royalty herein assigned and have full legal right to transfer the same." Preceding the conveyance clause are two specific references to the lease with Owanah. Giving effect to each clause in the assignment results in the conclusion that Prince was granted an overriding royalty interest which arose under the lease with Owanah and terminated with the termination of the lease.

The great weight of authority is that an overriding royalty is an interest carved out of the lessee's interest and cannot be of greater duration than the lease. See Kunz, The Law of Oil & Gas, § 63.2 (1978); Williams & Meyers, Manual of Oil & Gas Terms, at 606-7 (1985); Brown, The Law of Oil & Gas Leases, (2d ed.), § 17.01 (1958). In Homestake Exploration Corp. v. Schoregge (1928), 81 Mont. 604, 615, 264 P. 388, 392, this Court stated:

> An overriding royalty is a given percentage of the gross production payable to some person other than the lessor or persons claiming under him. It occurs where some owner of the working interest contracts to deliver a part of the gross production to another, usually his assignor. Such contracts are most frequently found as a reservation in an assignment of a lease. The provision creates in the owner of such royalty an interest in the lease . . .

In the present case, Exhibit A attached to the lease granted a 1% overriding royalty to the landowners, who thereafter assigned 1/4 of the 1% overriding royalty to Prince. The language in Exhibit A and the assignment to Prince reveal

that an overriding royalty interest of 1% was carved out of Owanah's working interest.

Section 28-3-203, MCA, provides that several contracts relating to the same matters and made as substantially one transaction are to be taken together. In this case, the lease incorporated by reference Exhibit A, which created the overriding royalty interest. The assignment to Prince includes language that his assignors were owners of the overriding royalty interest of which he received a 1/4 interest. Taken together, these documents clearly show Prince received an overriding royalty interest which terminated with the termination of the Owanah lease in 1953.

The District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

7