DA 07-0197

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 68

SHERMAN NELSON, J. CHRISS and MYRNA CRAWFORD,
JAMES and WENDY KAUTZ, JAMES FERGUSON
and KEN THUERBACH,

        Plaintiffs and Appellants,

  v.

JON  BARLOW,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV 04-178
Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            James S. Ferguson, Attorney at Law, Dayton, Montana

            Noel K. Larrivee, Larrivee Law Offices, Polson, Montana

      For Appellee:

            William T. Wagner and Alan F. McCormick, Garlington, Lohn & Robinson,
PLLP, Missoula, Montana

Submitted on Briefs:  November 21, 2007

Decided:  February 26, 2008

Filed:

                             Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Sherman Nelson (Nelson) appeals an order of the Twentieth Judicial District, Lake County, granting defendant Jon Barlow's (Barlow) motion for judgment on the pleadings. We affirm.

¶2     The single issue raised by Nelson on appeal is whether the District Court erred when it granted Barlow's motion for judgment on the pleadings.

BACKGROUND

¶3     This case arises from a dispute between owners of property in the Cedar Hills Subdivision (the subdivision), near Flathead Lake.  The subdivision consists of several lots, a few of which sit on the shores of the Lake.  Running in a southerly direction along the west side of the subdivision is a county road, Cedar Hills Drive (the road).  The road, as depicted on certificate of survey 4377 (COS 4377), which is recorded in the office of the Flathead County Clerk and Recorder, ends at the northern boundary line of Lot 8.  Where the road and Lot 8 meet, Lot 8 is the same width as the road – about 60 feet.  Flathead Lake forms the southern boundary of Lot 8 at which point the southern boundary is several feet wider than the northern boundary.  The relevant portion of COS 4377 is pictured as follows:



¶4     In 1990, Nelson purchased Tract 1 of the subdivision from Cedar Hills Partnership (the partnership).  Tract 1 is back from the Lake and adjacent to Cedar Hills Drive.  Nelson's deed, which is recorded, includes the language: "TOGETHER WITH roadway easement as shown on Certificate of Survey No. 4377 for access to Lot 8 of Cedar Hills Subdivision."

¶5     In 1996, Barlow purchased several lots, including Lot 8, from the partnership.  Barlow's deed to Lot 8 contains no reference to an easement.  Nor does it contain any

reference to the language in Nelson's deed saying he has a roadway easement to access Lot 8. The record of this case does not contain any other deeds from the partnership to Barlow.

¶6 Sometime in 2004, Barlow began the process of building a cabin on Lot 8. In August 2004, Nelson and several other property owners in the subdivision filed suit against Barlow, seeking to enjoin him from building on the lot.

¶7 The complaint is pled in two separate counts against Barlow. Count I is brought by Nelson alone. Nelson alleges that he is entitled to cross Lot 8 to access Flathead Lake by virtue of the language in his deed to Tract 1, which states that he has an easement on the road to access Lot 8. Count II was brought by the other named plaintiffs and did not include Nelson. In Count II, the plaintiffs alleged that Barlow had orally agreed that they could cross Lot 8 to access the Lake.

¶8 The District Court granted Barlow's motion for judgment on the pleadings dismissing Nelson's claim in Count I of the complaint. The District Court also granted Barlow's motion for partial summary judgment against the plaintiffs other than Nelson on their claims. None of the other plaintiffs appealed the judgment against them. Nelson alone appeals the District Court's dismissal of his claim.

STANDARD OF REVIEW

¶9 Barlow moved for judgment on the pleadings on Nelson's claim, pursuant to Mont. R. Civ. P. 12(c). A movant for judgment on the pleadings must establish that the pleadings present no material issue of fact and that the movant is entitled to judgment as a matter of law. *Paulson v. Flathead Conserv. Dist.*, 2004 MT 136, ¶ 17, 321 Mont. 364, ¶ 17, 91 P.3d

4

569, ¶ 17 (citation omitted). The pleadings are to be construed in the light most favorable to the non-moving party, whose allegations are taken as true. *Paulson*, ¶ 17 (citation omitted). Because a motion for judgment on the pleadings is decided as a matter of law, we apply our standard of review for conclusions of law: that is, whether the District Court's conclusions of law are correct. *Paulson*, ¶ 17 (citation omitted).

## DISCUSSION

**Did the District Court err when it granted Barlow's motion for judgment on the pleadings?**

¶10 Nelson's argument centers on the wording in his deed to Tract 1. The deed states that Nelson has "access to Lot 8." According to Nelson, this means he has access to the lot which includes the right to use the lot in order access Flathead Lake. He claims that he has the right to cross Lot 8 to launch a boat, to fish, or for any other general purpose coinciding with the use and enjoyment of the Lake.

¶11 According to Barlow, the wording of the deed is plain and unambiguous: it grants Nelson access to Lot 8, but not across, over, or through Lot 8. Thus, by Barlow's reasoning, Nelson has access along Cedar Hills Drive up to the northern boundary of Lot 8, but he cannot cross the lot to access the Lake.

¶12 The District Court concluded that the wording of Nelson's deed was unambiguous. It held that the deed provided access to Lot 8, but not across, over, or through the lot to access the Lake. The District Court noted that Nelson's deed made no reference to Flathead Lake or access to Lot 8 for the purpose of reaching the lakeshore. The court further concluded that any oral promises Nelson's grantors may have made concerning Nelson's use of Lot 8 for

5

lake access were merged into the deed, which makes no reference to such access. The District Court reasoned that because the deed was not ambiguous there was no need to consider extrinsic evidence of the intentions of the parties to the deed. Finally, the District Court noted that even if it were necessary to inquire into extrinsic evidence concerning the parties' intentions, such inquiry would not include Barlow who was not a party to Nelson's deed.

¶13 The construction of a writing granting an interest in real property is governed by the rules of contract interpretation. *Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops., Inc.*, 2007 MT 159, ¶ 18, 338 Mont. 41, ¶ 18, 164 P.3d 851, ¶ 18 (citing § 70-1-513, MCA). Whether an ambiguity exists in a contract is a question of law. *Baker Revocable Trust*, ¶ 19 (citations omitted). The determination of whether an ambiguity exists is to be made on an objective basis. *Wills Cattle Co. v. Shaw*, 2007 MT 191, ¶ 21, 338 Mont. 351, ¶ 21, 167 P.3d 397, ¶ 21 (citation omitted). An ambiguity exists if the language of the contract is susceptible to at least two reasonable but conflicting meanings. *Wills Cattle Co.*, ¶ 21 (citation omitted).

¶14 "Access to Lot 8" could mean either that Nelson has access to get to Lot 8's northern boundary via the road clearly depicted on COS 4377; or it could mean that he has access to go onto Lot 8 for the purpose of reaching Flathead Lake. After all, because Nelson already had access to Lot 8 via the road, there was no reason to include a specific provision in his deed granting him such.

¶15 The reference in Nelson's deed granting him "access to Lot 8" is susceptible to two reasonable but conflicting meanings. Thus, the District Court was incorrect when it concluded Nelson's deed is not ambiguous.

¶16 However, our analysis does not end with the determination that Nelson's deed is ambiguous. The District Court, in its order granting Barlow judgment on the pleadings, correctly noted that Barlow was not a party to Nelson's deed. It is not enough for an encumbrance to be recorded in the chain of title of an easement's dominant estate. In order for the landowner of the servient estate to be bound, the encumbrance must also be found in the servient estate's chain of title. *Puchalski v. Wedemeyer*, 185 A.D.2d 563, 566 (N.Y. App. Div. 3d Dept. 1992) (citation omitted).

> In determining the ultimate effect of an easement or restriction on the land of another, the general rule is that '[i]n the absence of actual notice before or at the time of . . . purchase or of other exceptional circumstances, an owner of land is only bound by restrictions if they appear in some deed of record in the conveyance to [that owner] or [that owner's] direct predecessors in title.'

*Puchalski*, 185 A.D.2d at 565-66 (citing *Witter v. Taggart*, 577 N.E.2d 338, 339 (N.Y. 1991), quoting *Buffalo Acad. of Sacred Heart v. Boehm Bros.*, 196 N.E. 42, 45 (N.Y. 1935)); *see also e.g. Goeres v. Lindey's, Inc.*, 190 Mont. 172, 179, 619 P.2d 1194, 1198 (1980) ("[T]he fact that a party is informed by a title company of a single deed, outside his chain of title, is not enough to impute knowledge that the restrictions contained in that deed are applicable to the lot he is about to purchase. This is especially so when the subdivision plat makes no mention of any restrictions whatsoever and a single owner of less than all the lots in the subdivision purports to restrict the use of the land as to the whole subdivision.");

7

*Loomis v. Luraski*, 2001 MT 223, 306 Mont. 478, 36 P.3d 862 (rejecting an attempt by plaintiffs to establish an easement on adjacent property for plaintiffs' benefit when the claimed easement reservation was made outside plaintiffs' chain of title for the benefit of a third party); *Rigney v. Swingley*, 112 Mont. 104, 109, 113 P.2d 344, 347 (1941) ("[A] mortgage by one not in the chain of title though recorded is not constructive notice to subsequent purchasers[.]") (citations omitted).

¶17    Nelson's deed referencing access to Lot 8 is outside Barlow's chain of title. COS 4377 makes no reference to an easement across Lot 8. Nor does Nelson allege in his complaint (Count I) that Barlow had knowledge of the easement Nelson now claims across Lot 8. Although Nelson's deed was recorded several years prior to Barlow's purchase of Lot 8, this is insufficient to impose an easement on the lot. Barlow is not required to examine the chain of title to Nelson's land to discover an alleged easement across his property for the benefit of Nelson. The purported grant of access to Flathead Lake in Nelson's deed does not put Barlow on notice that his property is servient to an easement.

CONCLUSION

¶18    The District Court incorrectly concluded that Nelson's deed was not ambiguous. However, it is well established that this Court may affirm the district court's judgment if we reach the same conclusion as the district court, but on different grounds. *Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 36, 337 Mont. 1, ¶ 36, 155 P.3d 1247, ¶ 36. Because there is no allegation in Nelson's complaint that the claimed easement appeared in Barlow's chain of title, nor is there an allegation that Barlow otherwise had knowledge of the claimed easement

8

across Lot 8, the District Court did not err in granting judgment on the pleadings dismissing Nelson's complaint.

¶19    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS