

DA 08-0202

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 210

THOMAS T. RITTER,

> Plaintiff and Appellant,

v.

BILL BARRETT CORPORATION,

> Defendant and Appellee.

APPEAL FROM:   District Court of the Fifteenth Judicial District,
In and For the County of Roosevelt, Cause No. DV 07-59
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:

> Margy Bonner, Brown Law Firm, Billings, Montana

> For Appellee:

> Matthew S. Brahana and Chris Mangen, Jr., Crowley Law Firm, Billings,
> Montana

Submitted on Briefs:  November 13, 2008

Decided:  June 23, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Thomas T. Ritter filed this action seeking a declaratory judgment that he owns an overriding royalty interest in certain oil and gas leases.  The Fifteenth Judicial District Court, Roosevelt County, granted defendant Bill Barrett Corporation's (Barrett) motion for a judgment on the pleadings, concluding as a matter of law that Ritter has no overriding royalty interest in the subject leases.  Ritter appeals.

¶2    The dispositive issue on appeal is whether an overriding royalty in favor of Ritter, which his predecessor reserved in a sublease, was extinguished when the sublease expired.

¶3    The facts are not in dispute.  Ritter, Laber & Associates (RLA) acquired six separate oil and gas leases (Torgerson Leases) on land in Roosevelt County.  In September 1999, RLA subleased the Torgerson Leases to Gary McCartney for a term of four years.  The sublease contained the following reservation:

> RESERVING, HOWEVER, unto the Assignor [RLA] herein an overriding royalty <u>of the difference between 100% less the existing lease royalty and overriding royalty burdens and an 81% net revenue interest</u> of all the oil, gas and other hydrocarbons produced, saved and marketed from the above described lands.

(Emphasis in original.)

¶4    While McCartney still held the working interest on the Torgerson Leases, RLA transferred all of its right, title, and interest in the Torgerson Leases to Ritter. The four year sublease to McCartney expired of its own terms before there was any production of oil and gas on the Torgerson Leases.

¶5      A few years later, upon application of Barrett, the State of Montana Board of Oil and Gas Conservation issued an order force pooling a portion of the subject property as part of a permanent spacing unit for production of oil and associated natural gas. Barrett held oil and gas leases on the other land in the spacing unit. Barrett completed the Briske 11-5H well in the spacing unit, which produced paying quantities of oil and gas, thus extending the Torgerson Leases of the subject property into its secondary term.

¶6      Ritter claims an overriding royalty interest in the production from the Briske 11-5H well. If he has an overriding royalty interest, he will get a share of the profits from the well without having to pay the costs of production. Barrett claims that Ritter does not hold an overriding royalty, but as the holder of the Torgerson Leases in the spacing unit, he must pay a share of the production costs.

¶7      Ritter brought the underlying action in District Court, praying for a declaratory judgment that he holds an overriding royalty interest in the Briske 11-5H well and for an accounting of the amount owed him. Barrett moved for judgment on the pleadings, arguing that Ritter carved an overriding royalty out of the sublease to McCartney, and the overriding royalty expired when the sublease expired.

¶8      Ritter filed a motion for summary judgment. In support of his motion, he filed an affidavit in which he states that his intent in executing the sublease was to carve the overriding royalty interest out of the Torgerson Leases, not the McCartney sublease, and thus it would survive the expiration of the sublease. He asserts in his affidavit that the intent of the quitclaim deed which transferred all of RLA's "right, title, and interest" in the Torgerson

3

Leases to him, was to separate the overriding royalty from the working interest. Thus, according to Ritter, the overriding royalty and working interests did not merge upon expiration of the sublease, and he is the owner of an overriding royalty interest in the Briske 11-5H well, free from costs of production.

¶9 The District Court granted Barrett's motion for judgment on the pleadings and denied Ritter's summary judgment motion, concluding an overriding royalty was created by reservation in McCartney's sublease, but it terminated when the sublease expired.

¶10 A party moving for judgment on the pleadings pursuant to M. R. Civ. P. 12(c) must establish that no material issue of fact exists and that it is entitled to judgment as a matter of law. Because a motion for judgment on the pleadings is decided as a matter of law, we review it for correctness. *Nelson v. Barlow*, 2008 MT 68, ¶ 9, 342 Mont. 93, 179 P.3d 529. The pleadings are to be construed in the light most favorable to the nonmoving party, whose allegations are taken as true. *Nelson*, ¶ 9. A motion for judgment on the pleadings is appropriate when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court. *Firelight Meadows, L.L.C. v. 3 Rivers Tel. Coop., Inc.*, 2008 MT 202, ¶ 10, 344 Mont. 117, 186 P.3d 869. In this case, the pertinent facts are not controverted.

¶11 An assignment of a lease signifies a parting with the whole term of the lease, which includes not only the whole of the unexpired time left on the lease, but also the entirety of the assignor's interest in the lease. Anything short of this is not an assignment, but a sublease. *Sunburst Oil & Refining Co. v. Callender*, 84 Mont. 178, 189, 274 P. 834, 838

4

(1929). A reservation of an overriding royalty generally renders the conveyance a sublease even if the entire term is transferred. *Sunburst Oil*, 84 Mont. at 189-90, 274 P. at 837. In this case, RLA transferred its working interest to McCartney for four years and reserved an overriding royalty. Thus, the transaction between RLA and McCartney is a sublease.

¶12 An overriding royalty is,

> a given percentage of the gross production payable to some person other than the lessor or persons claiming under him. It occurs where some owner of the working interest contracts to deliver a part of the gross production to another, usually his assignor. Such contracts are most frequently found as a reservation in an assignment of a lease. The provision creates in the owner of such royalty an interest in the lease.

*Edward v. Prince*, 221 Mont. 272, 276, 719 P.2d 422, 424 (1986). Because it is carved out of the lessee's interest, it cannot be of greater duration than the lease. *Edward*, 221 Mont. at 276, 719 P.2d at 424 (citing Eugene O. Kuntz, *The Law of Oil and Gas*, vol. 5, § 63.2 (Anderson Pub. Co. 1991)). We conclude that an overriding royalty applies only to the lease out of which it was created. *See* Kuntz, *The Law of Oil and Gas* at § 63.2. This comports with our general rules governing a grantor's reservation of an interest. *City of Missoula v. Mix*, 123 Mont. 365, 369, 214 P.2d 212, 214 (1950) (holding that a reservation is "some right, interest, or estate retained by the grantor in the granted premises"); 26A C.J.S. *Deeds* § 279 (2001) (stating "[a] reservation reserves to the grantor some new thing issuing out of the thing granted . . ."). In the case of an oil and gas lease, or as in this case a sublease, if a party wishes an overriding royalty to survive the expiration of the lease or sublease, he must

5

include an express provision stating such. *See* Kuntz, *The Law of Oil and Gas* at § 63.2; *EOG Resources, Inc. v. Hanson Prod. Co.*, 94 S.W.3d 697, 703 (Tex. App. 2002).

¶13 The overriding royalty was carved out of the sublease granted to McCartney. The language creating the overriding royalty contained no express provision stating that it was to survive the expiration of the sublease. The references in the reservation to the "existing lease" and the "above referenced land" are too vague to tie the reservation of the overriding royalty to the underlying Torgerson Leases. Ritter's overriding royalty did not survive the term of the sublease to McCartney. The District Court correctly granted Barrett's motion for judgment on the pleadings.

¶14 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS

6