DA 12-0152

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 203N

WILLIAM JOSEPH SIRUCEK,

Plaintiff and Appellant,

v.

STATE OF MONTANA, MIKE MAHONEY,
MIKE FERRITER, DEPARTMENT OF CORRECTIONS,
START PROGRAM, CONNECTIONS CORRECTIONS
PROGRAM, BUTTE PRE-RELEASE, JOHN DOES 1-3,
MONTANA STATE PRISON,

Defendants and Appellees.

APPEAL FROM:     District Court of the Fourth Judicial District,
                 In and For the County of Missoula, Cause No. DV 11-659
                 Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

            For Appellant:

                 William J. Sirucek (self-represented), Butte, Montana

            For Appellee:

                 Thomas G. Bowe, Assistant Attorney General, Legal Services Bureau,
                 Helena, Montana

                            Submitted on Briefs:   August 8, 2012
                                       Decided:    September 11, 2012

Filed:

_____
                      Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      William Joseph Sirucek (Sirucek) appeals pro se from a final judgment entered by the Fourth Judicial District Court, Missoula County, granting the State's motion for judgment on the pleadings. We affirm.

¶3      On May 23, 2007, Sirucek was convicted of felony DUI and related misdemeanors, and sentenced by the Fourth Judicial District Court, Missoula County, to the Department of Corrections (DOC) for a period of 13 months, followed by a consecutive, suspended five-year sentence to Montana State Prison. Sirucek fully discharged the 13-month DOC commitment on March 4, 2008, and began serving his five-year suspended prison sentence. On September 24, 2008, the District Court found Sirucek in violation of the conditions of his probation. It revoked his suspended sentence and committed him to the DOC for four years. Sirucek was released on probation on July 30, 2009. On May 26, 2010, the District Court found that Sirucek again violated his conditions of probation and imposed a four-year commitment to the DOC. Sirucek is currently incarcerated at the Montana State Prison.

¶4      On February 17, 2011, Sirucek filed a motion for credit for time served. The District Court denied the motion on March 18, 2011, emphasizing that the court already awarded Sirucek all of the jail time credit that he was entitled in a prior court order. The District

2

Court concluded Sirucek's discharge date, as calculated by the MSP Records Department, was June 21, 2013, and that he was "not entitled to receive any further jail time credit."

¶5 Then, on May 19, 2011, Sirucek filed a complaint for false imprisonment against the State of Montana, several of its political subdivisions and individual State officials. Sirucek argued that he was falsely imprisoned for a period of 314 days, although was unclear about which specific periods of his incarceration were allegedly unlawful. Further, he sought an "immediate release" from the Montana State Prison. The State answered and moved for a judgment on the pleadings. Relying on the District Court's judgments of September 24, 2008 and May 26, 2010, the State argued that Sirucek's incarceration was judicially authorized. Additionally, it pointed to the District Court's March 18, 2011 order to stress that Sirucek was not entitled to any additional jail time credit and his discharge date is June 21, 2013.

¶6 In his response to the State's motion for judgment on the pleadings, Sirucek altered his initial argument and asserted that his false imprisonment took place between October 29, 2008 and July 30, 2009, amounting to a total period of nine months and one day. He further argued he was not awarded full credit for time served and that his correct discharge date is in September of 2012 rather than on June 21, 2013. On February 23, 2012, the District Court granted the State's motion for judgment on the pleadings, finding Sirucek's tort claim of false imprisonment failed because his incarceration was judicially authorized as a matter of law. Sirucek timely appealed.

¶7 A motion for judgment on the pleadings is decided as a matter of law. *Ritter v. Bill Barrett Corp.*, 2009 MT 210, ¶ 10, 351 Mont. 278, 210 P.3d 688. We therefore review the District Court's decision for correctness. *Ritter*, ¶ 10 (citing *Nelson v. Barlow*, 2008 MT 68, ¶ 9, 342 Mont. 93, 179 P.3d 529). The pleadings must be construed in the light most favorable to the nonmoving party, whose allegations are taken as true. *Ritter,* ¶ 10 (citing *Nelson*, ¶ 9). A motion for judgment on the pleadings is appropriate "when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." *Firelight Meadows, LLC v. 3 Rivers Telephone Coop., Inc.*, 2008 MT 202, ¶ 10, 344 Mont. 117, 186 P.3d 869. Additionally, we generally afford pro se litigants a certain amount of latitude. *Greenup v. Russell*, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124.

¶8 After reviewing the record, we conclude the District Court's decision to grant the State's motion for judgment on the pleadings was correct. Sirucek contends he was falsely imprisoned from October 29, 2008 to July 30, 2009. In order for a plaintiff to succeed on a false imprisonment claim he must show there was an unlawful restraint. *Hughes v. Pullman*, 2001 MT 216, ¶ 21, 306 Mont. 420, 36 P.3d 339. On September 24, 2008, the District Court committed Sirucek to the DOC for a period of four years. During the next several months he was placed in a variety of correctional programs and facilities including the START program, Connections Corrections, the Butte Pre-Release Center, and the Montana State Prison. Sirucek argues that because the District Court did not specifically order he be placed in these particular programs and facilities his incarceration during this time was unlawful. A

4

DOC commitment may involve placement at appropriate community-based programs in pre-release centers, intensive supervision programs, the Treasure State Correctional Training Center, or a prison sentence. *State v. Strong*, 2009 MT 65, ¶ 21, 349 Mont. 417, 203 P.3d 848. Sirucek's DOC commitment between October 29, 2008 and July 30, 2009, was therefore judicially authorized.

¶9 Sirucek further argues the District Court failed to award him with the appropriate amount of credit for time served while on probation and that his correct discharge date is September 23, 2012 rather than June 21, 2013. Although it is somewhat unclear which specific probation period Sirucek seeks credit for, he asserts that because he was given a four-year sentence in September of 2008 he "should in fact be released in September of 2012." We can therefore presume Sirucek believes he is entitled credit for his period of probation that began on July 30, 2009. The District Court gave Sirucek credit for time served while incarcerated, however did not grant him any credit for time served while in a probationary status. When a suspended sentence is revoked, it is within a district court judge's discretion to reject credit for time served on probation. Section 46-18-203(7)(b), MCA. Sirucek offers no legal authority to support his claim for credit due to his time served on probation and we conclude he failed to meet his burden of proving error by the District Court.

¶10 Therefore, because Sirucek's DOC commitment was judicially authorized and all entitled credit for time served awarded, the District Court did not err in granting the State's motion for judgment on the pleadings.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶12 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE