

DA 11-0188

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 247

MERIL CURTIS,

　　　　　Plaintiff and Appellant,

　　v.

CITIBANK, SOUTH DAKOTA, N.A.,

　　　　　Defendant and Appellee.

APPEAL FROM:　　District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 09-1231
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　Terry A. Wallace, Attorney at Law, Missoula, Montana

　　　　　For Appellee:

　　　　　Lawrence F. Daly, Megan L. Dishong; Garlington, Lohn & Robinson,
PLLP, Missoula, Montana

Submitted on Briefs:　August 31, 2011

Decided:　October 4, 2011

Filed:

_____
　　　　　　　　　　　　Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Meril Curtis (Curtis) appeals from an order of the Fourth Judicial District Court, Missoula County, finding in favor of Citibank, South Dakota, N.A. (Citibank) on Citibank's Motion for Judgment on the Pleadings. We reverse and remand.

¶2 Curtis argues several issues, which we reframe as follows: Did the District Court err in determining that Curtis' state law claims were preempted by the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681-1681x?

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 The facts as set forth in Curtis' Amended Complaint allege that in July 2008, Curtis' house guest took his credit card and made over $7,000 in unauthorized charges. Upon Curtis' discovery of the charges, Citibank instructed him to file a police report and furnish an affidavit. Citibank then acknowledged that the charges were unauthorized and that Curtis was not personally liable for the charges. Nevertheless, Citibank referred the account to a collection agency called Professional Recovery Services, Inc. (PRS).

¶4 Curtis filed suit against Citibank and PRS alleging libel and credit libel, violation of the Fair Debt Collection Practices Act (FDCPA), *see* 15 U.S.C. §§ 1692-1692o, and violation of the Montana Consumer Protection Act (MCPA), *see* §§ 30-14-101 to -143, MCA. Curtis later settled with PRS, and the company was dismissed from the suit.

¶5 Citibank moved for judgment on the pleadings pursuant to M. R. Civ. P. 12(c), arguing that Curtis' libel, credit libel, and MCPA claims were preempted by the FCRA. Citibank also argued the FDCPA claim did not apply to the company because it was not a

2

"debt collector" subject to the Act. Without objections this count was dismissed and is not appealed here. The District Court found that Citibank was entitled to judgment on the pleadings for the remaining counts, agreeing that Curtis' state law claims were subject to federal preemption. Curtis appeals from this ruling.

## STANDARD OF REVIEW

¶6 A party moving for judgment on the pleadings pursuant to M. R. Civ. P. 12(c) must establish that no material issue of fact exists and that it is entitled to judgment as a matter of law. *Ritter v. Bill Barrett Corp.*, 2009 MT 210, ¶ 10, 351 Mont. 278, 210 P.3d 688. Because a motion for judgment on the pleadings is decided as a matter of law, we review it for correctness. *Ritter*, ¶ 10. When considering a Rule 12(c) motion, a court must assume that all of the well-pleaded factual allegations in the nonmovant's pleadings are true and that all contravening assertions in the movant's pleadings are false. *Firelight Meadows, LLC v. 3 Rivers Telephone Coop., Inc.*, 2008 MT 202, ¶ 11, 344 Mont. 117, 186 P.3d 869. A motion for judgment on the pleadings is appropriate when all material allegations of fact are admitted or not controverted in the pleadings, and only questions of law remain to be decided by the district court. *Firelight Meadows, LLC*, ¶ 10.

## DISCUSSION

¶7 Issue No. 1. Did the District Court err in determining that Curtis' state law claims were preempted by the federal Fair Credit Reporting Act?

¶8 The FCRA requires that consumer reporting agencies adopt "reasonable procedures for meeting the needs of commerce for information as to consumer credit, personnel, insurance, and other information in a manner that is fair and equitable to the

3

consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information" in accordance with the requirements of the Act. 15 U.S.C. § 1681(b). In order to provide for uniform enforcement, the FCRA allows an exemption from state laws when they are inconsistent with guidelines found within the Act:

> Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.

15 U.S.C. § 1681t(a).

¶9     This statute was amended in 1996 to include a list of specific preemption provisions, one of which is the subject of this appeal. 15 U.S.C. § 1681t(b)(1)(F) provides: "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . ." In turn, § 1681s-2 provides guidance to financial institutions that extend credit and regularly in the ordinary course of business furnish information to a "consumer reporting agency." *See e.g.* 15 U.S.C. § 1681s-2(a)(7)(A)(i). Citibank's motion for judgment on the pleadings alleged that in referring Curtis' account to PRS, it was simply furnishing credit information pursuant to § 1681s-2. This argument, however, addresses only half of the story.

¶10     Both parties have argued strenuously about Citibank's status as a "furnisher of information" under the FCRA, but the heart of the matter lies in the status of PRS as a

4

"consumer reporting agency." Importantly, definitional cross references found within § 1681s-2 define a "consumer reporting agency" as:

> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

¶11    PRS is a collection agency for overdue and delinquent accounts payable. The company collected information on Curtis for the purpose of collecting an alleged debt—not for the purpose of furnishing a consumer report to an ultimate end user of credit information. *See e.g. D'Angelo v. Wilmington Med. Center, Inc.*, 515 F. Supp. 1250, 1253-1254 (D. Del. 1981) (collection agency with no contact with the ultimate user of the credit information is not a consumer reporting agency); *Todd v. Associated Credit Bureau Serv., Inc.*, 451 F. Supp. 447, 448-449 (E.D. Pa. 1977), *aff'd without op.*, 578 F2d 1376 (3d Cir. 1978), *cert. denied*, 439 U.S. 1068 (1979) (collection agency cannot be considered a consumer reporting agency as defined in the Act). Contrary to Citibank's assertions, the definition found at § 1681a(f) is intended to apply to the activities of agencies such as Equifax Credit Information Services, Inc., Trans Union LLC, and Experian Information Solutions, Inc.

¶12    Collection agencies such as PRS, on the other hand, are regulated by the aforementioned Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o. No similar federal preemption provision is found within the FDCPA. As such, the District

Court erred in finding that Curtis' state law claims were preempted by the FCRA. For the reasons discussed above, remand is necessary for the District Court to resolve Curtis' state law claims.

¶13    Reversed and remanded for further proceedings consistent with this opinion.


/S/ MIKE McGRATH


We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE
/S/ BRIAN MORRIS