FILED

11/09/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0097

DA 16-0097

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 285

---

ELIZABETH WEST, as Guardian Ad Litem for PETER LEE,

      Plaintiff and Appellee,

    v.

UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA),
an Unincorporated Reciprocal Inter-Insurance Exchange,
and USAA CASUALTY INSURANCE COMPANY,

      Defendants and Appellants.

---

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV-15-075
Honorable Gregory Pinski, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          David M. McLean (argued), Ryan C. Willmore, McLean & Associates,
          PLLC, Missoula, Montana

      For Appellee:

          Alexander (Zander) Blewett, III, Anders Blewett (argued), Hoyt &
          Blewett PLLC, Great Falls, Montana

---

          Argued and Submitted:  September 28, 2016

          Decided:  November 9, 2016

Filed:

                    Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Elizabeth West, acting as Guardian Ad Litem for Peter Lee, and United Services Automobile Association and USAA Casualty Insurance Company (collectively USAA) dispute the effect of TRICARE medical payment liens on USAA's responsibility to promptly pay Lee's liability settlement claim against its insured.  Lee asserted that USAA acted in bad faith by conditioning payment on resolving the TRICARE liens.  The Eighth Judicial District Court agreed and held USAA liable for its insured's $1,464,000 consent judgment.

¶2      We conclude that USAA had a reasonable basis in law to condition its payment of policy limits upon resolution of the TRICARE liens, and we therefore reverse.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3      In December 2012, Lee and three other passengers were injured in a single vehicle accident.  Lee sustained catastrophic injuries.  The driver, Julian Perez, held a USAA insurance policy.  All of the passengers were military servicemen covered by TRICARE, a government insurance program for military members and their families.  TRICARE paid medical benefits for the passengers and therefore had a statutory right to recover the benefits it paid.  TRICARE's liens for the passengers' combined medical expenses totaled over $215,000; more than $204,000 of the total were for Lee's expenses alone.

¶4      USAA insured Perez under an automobile liability policy with coverage limits of $50,000 per person and $100,000 per accident.  After conducting a liability investigation, USAA determined that Perez was 100% at fault for the accident.  Because of the extent

2

of Lee's injuries, USAA informed Perez that he may be potentially liable for damages exceeding his coverage limits.

¶5 On August 21, 2013, Lee's counsel—who represented all four injured passengers—made a settlement demand on USAA for Perez's $100,000 policy limits. The letter stated that the offer would be withdrawn and that the claimants would seek to recover all of their damages from USAA if USAA did not agree to pay the policy limits in twenty days. One week later, USAA's claims examiner contacted Lee's counsel and offered to pay the full policy limits, provided that the TRICARE liens were addressed. Lee's counsel immediately responded with a letter stating that his clients would indemnify and hold USAA harmless from any responsibility for the TRICARE liens.

¶6 On September 9, 2013, USAA responded, stating that the offer to indemnify was not sufficient to protect Perez or USAA from the TRICARE liens. USAA confirmed in writing its offer to pay the policy limits, provided either that TRICARE be included as a payee on the settlement check or that Lee's counsel first secure lien releases from TRICARE. Lee's counsel followed with a letter two days later, stating that his clients would indemnify both USAA and Perez from any responsibility for the TRICARE liens. The letter gave USAA a deadline of September 21. USAA did not respond by the deadline. In the meantime, both USAA and Lee's counsel attempted to determine the status of TRICARE's liens. In early November 2013, USAA received letters from the Air Force providing notice of its claims and requesting payment of the liens pursuant to

3

42 U.S.C. § 2651. TRICARE finally agreed to waive its liens at the end of January 2014, and USAA issued a check for the policy limits of $100,000 six weeks later.

¶7     Lee had filed suit against Perez in October 2013, and he continued his suit after receiving the policy limits payment from USAA. In January 2015, Perez agreed to a consent judgment in the amount of $1,464,000, and assigned his claims against USAA to Lee. On behalf of Lee, West filed a separate suit that same month alleging bad faith against USAA. The District Court granted West summary judgment, concluding that USAA did not have a reasonable basis in law for conditioning payment of the settlement check. The court held therefore that USAA was liable to Lee for the consent judgment. USAA filed a motion to alter or amend the judgment that was deemed denied when the District Court did not rule. USAA appeals.

## STANDARD OF REVIEW

¶8     We review summary judgment rulings de novo, applying the standards set forth in M. R. Civ. P. 56(c)(3). *Citizens for a Better Flathead v. Bd. of Cnty. Comm'rs*, 2016 MT 256, ¶ 10, 385 Mont. 156, ___ P.3d ___; *accord State Farm Mut. Auto. Ins. Co. v. Freyer*, 2013 MT 301, ¶ 22, 372 Mont. 191, 312 P.3d 403. Generally, questions of reasonableness are factual matters properly answered by the finder of fact. *Estate of Gleason v. Cent. United Life Ins. Co.*, 2015 MT 140, ¶ 60, 379 Mont. 219, 350 P.3d 349; *Freyer*, ¶ 48. But an insurer's reasonableness is a question of law for the court to decide

4

when the insurer's basis in law is grounded on a legal conclusion and no issues of fact remain in dispute.[1] *Estate of Gleason*, ¶ 60; *Freyer*, ¶ 48.

## DISCUSSION

¶9 *Whether the District Court correctly concluded that USAA did not have a reasonable basis in law for conditioning the settlement check upon resolution of the TRICARE liens.*

¶10 Because insurers have the authority under their policies to settle third-party claims, insurers in Montana have a duty to accept reasonable settlement offers within the policy limits. *Freyer*, ¶ 46. When an insurer acts in bad faith and "fails to settle a bona fide third party liability claim against its insured, within policy coverage limits," that insurer "takes the risk of a judgment by the trier of fact in excess of the coverage limits." *Freyer*, ¶ 47 (citation and internal quotations omitted). An insurer does not act in bad faith, however, and therefore is not liable, "for failing to settle within policy limits when it had a reasonable basis in law or fact for contesting coverage." *Freyer*, ¶ 47. In determining whether an insurer has a reasonable basis in law for contesting coverage, "it is first necessary to survey the legal landscape as it existed during the relevant time period." *Freyer*, ¶ 48 (citation and internal quotations omitted). The "determinative question" in our inquiry "is whether the law in effect at the time, caselaw or statutory, provided sufficient guidance to signal to a reasonable insurer that its grounds for denying the claim were not meritorious." *Freyer*, ¶ 48. We are not to ask whether we agree "with the plaintiff's theories of liability in the underlying suit but, rather, whether the insurer's

---

[1] Throughout the case, West has contended that no fact issues exist and that the case presents only questions of law. During oral argument before this Court, counsel for USAA agreed.

5

grounds for contesting those theories were reasonable under existing law." *Freyer*, ¶ 48 (citation and internal quotations omitted).

¶11     Soon after filing her complaint in this action, West moved for summary judgment. She argued that USAA acted in bad faith by failing to promptly settle the claim. USAA responded, arguing on the authority of *Freyer* that it had a reasonable basis in law to condition payment of the settlement upon resolution of the TRICARE liens. USAA contended that federal law—specifically 42 U.S.C. § 2651—and our decision in *Conway v. Benefis Health Systems, Inc.*, 2013 MT 73, 369 Mont. 309, 297 P.3d 1200, established TRICARE as a secondary payer and obligated USAA either to include TRICARE as a co-payee or to secure a waiver of the liens before making payment to West. Despite Justice Cotter's assertion to the contrary, Dissent, ¶ 30, USAA has asserted throughout litigation that the principal issue is whether its grounds for conditioning the settlement payment were reasonable under existing law because TRICARE is a secondary payer.

¶12     The District Court recognized as much, identifying the issue before it as follows: "Did USAA engage in bad faith settlement practices by refusing to pay an admitted liability settlement unless TRICARE was named as a co-payee on Lee's settlement check or TRICARE waived its statutory lien?" The court ruled that USAA lacked a reasonable basis in law to delay payment of policy limits because of the TRICARE liens. The court focused its analysis on USAA's condition to include TRICARE as a payee on the settlement check. The court first noted that the parties had not identified any cases "addressing this narrow issue." It rejected USAA's reliance on *Conway*, finding the case

6

not directly on point. The court similarly rejected USAA's comparison of TRICARE to Medicare because it concluded that Medicare and TRICARE statutes and regulations are distinct. Specifically, the court noted that "unlike the automatic first payer liability imposed . . . on Medicare, there is no corresponding provision under TRICARE." Finally, the court rejected USAA's reliance on 42 U.S.C. § 2651, which governs the United States' right to recover incurred medical costs from liable third parties and their insurers.

¶13 The court determined that the federal statute would apply only if the United States had commenced litigation or intervened to enforce its liens; in that case, "USAA would have a compelling argument it properly included TRICARE on the settlement check." The court also determined that although TRICARE sent USAA notice of its claim and requested payment of the liens, "there is no obligation in the TRICARE regulations requiring USAA to protect the government lien." "Most pertinently," the court specified, "there is no requirement that USAA name TRICARE on Lee's settlement check." As such, the court concluded that "USAA's unilateral decision [to include TRICARE as a payee on the settlement check] is without support in statute, regulation, or common law."

¶14 Further, the court noted that Lee expressly agreed to indemnify USAA, but that "USAA made the unilateral decision to condition its legal obligation to settle Lee's claims on including TRICARE as a settlement check payee." Such a condition, the District Court concluded, went against Montana's public policy regarding settlement of insurance claims. The court emphasized, "When an insurer unilaterally adds a payee to a

7

claimant's settlement check, the insurer substantially delays settlement, imposes onerous obligations not required by law, and creates unreasonable burdens on a claimant to receive funds the insurer is legally obligated to pay." Such a result, the court concluded, "is hardly what the Montana legislature intended when it obligated insurers to 'attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.'" (Quoting § 33-18-201(6), MCA.) The court therefore held that "USAA's decision to condition payment on naming TRICARE as a payee of the settlement funds is unreasonable under applicable law." As a result, the District Court ordered USAA to pay the entire consent judgment.

¶15 First, the District Court correctly recognized that "a TRICARE lien arises under the Medical Care Recovery Act, 42 U.S.C. § 2651(a)." The Air Force's November 2013 letters to USAA referenced this section in asserting the United States' "independent right to recover costs." But the court incorrectly interpreted the statute. The statute broadly provides that, whenever the United States furnishes benefits to a beneficiary who is injured

> under circumstances creating a tort liability upon some third person . . . to pay damages therefor, the United States shall have a right to recover (independent of the rights of the injured or diseased person) from said third person, or that person's insurer, the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for and shall, as to this right be subrogated to any right or claim that the injured [beneficiary] . . . has against such third person.

42 U.S.C. § 2651(a). By bestowing upon the United States a right to recover from Perez or USAA, 42 U.S.C. § 2651(a) obligated Perez or USAA to honor the TRICARE liens.

8

The same statute allows the United States to enforce its right to recover by "interven[ing]" in or "institut[ing] and prosecut[ing] legal proceedings against the third person who is liable for the injury . . . or the insurance carrier . . . responsible for the payment or reimbursement of medical expenses." 42 U.S.C. § 2651(d). Contrary to the District Court's conclusion, USAA's obligation to honor the liens under § 2651(a) did not depend upon the United States already having pursued judicial enforcement under § 2651(d).

¶16 Second, we disagree with the District Court that *Conway* offers no guidance here. We concluded in *Conway* that "federal regulations mandate that TRICARE functions as a secondary payer." *Conway*, ¶ 32 (citing 32 C.F.R. § 199.8(a)). TRICARE's status as a secondary payer means that "where the medical treatment at issue is necessitated as a result of the negligence of an insured third party, any payment originally made by TRICARE *must be reimbursed*." *Conway*, ¶ 32 (citing 32 C.F.R. § 199.8(a), (b)(3)) (emphasis added). TRICARE benefits therefore are not "available to a TRICARE beneficiary where there is third party insurance available to pay the expenses of medical treatment." *Conway*, ¶ 32. *Conway* supports USAA's contention that it had an obligation to reimburse TRICARE given TRICARE's status as a secondary payer.

9

¶17    Third, our conclusion finds additional support in other TRICARE statutes and regulations in effect at the time.[2]    The federal statute governing contractor payment of certain claims under TRICARE provides:

> (a) Payment of claims.
>
> (1) The Secretary of Defense may authorize a contractor under the TRICARE program to pay a claim described in paragraph (2) before seeking to recover from a third-party payer the costs incurred by the contractor to provide health care services that are the basis of the claim to a beneficiary under such program.
>
> (2) A claim under this paragraph is a claim --
>
>> (A) that is submitted to the contractor by a provider under the TRICARE program for payment for services for health care provided to a covered beneficiary; and
>>
>> (B) that is identified by the contractor as a claim for which a third-party payer may be liable.
>
> (b) Recovery from third-party payers.  The United States shall have the same right to collect charges related to claims described in subsection (a) as charges for claims under [10 U.S.C. § 1095].
>
> (c) Definition of Third-Party Payer.  In this section, the term "third-party payer" has the meaning given that term in [10 U.S.C. § 1095(h)], except that such term excludes primary medical insurers.

---

[2] We are unpersuaded by West's argument that we cannot consider statutes and regulations that were not cited by USAA in its briefing on summary judgment.  Although we generally do not address an issue raised for the first time on appeal or a party's change in legal theory, "we have permitted parties to bolster their preserved issues with additional legal authority or to make further arguments within the scope of the legal theory articulated to the trial court." *State v. Montgomery*, 2010 MT 193, ¶ 12, 357 Mont. 348, 239 P.3d 929.  TRICARE's lien rights and USAA's corresponding obligations were the focus of the legal theory that USAA presented to the trial court.  And the District Court is not confined in its summary judgment review—nor is this Court on appeal—to authorities presented in the parties' briefs. *See Junkermier, Clark, Campanella, Stevens, P.C. v. Alborn, Uithoven, Riekenberg, P.C.*, 2016 MT 218, ¶ 22, 384 Mont. 464, ___ P.3d ___.  Besides, as explained above, the District Court erred in its analysis of the legal authority that USAA did present.

10 U.S.C. § 1095b. Federal regulations confirm that "10 U.S.C. [§]1095b establishes the statutory obligation of third-party payers to reimburse the United States the costs incurred on behalf of TRICARE beneficiaries who are also covered by the third-party payer's plan." 32 C.F.R. § 199.12(a).

¶18 In turn, 10 U.S.C. § 1095 provides that "the United States shall have the right to collect from a third-party payer reasonable charges for health care services incurred by the United States on behalf of [a person who is a covered beneficiary]." 10 U.S.C. § 1095(a)(1); *accord* 42 U.S.C. § 2651(a). Section 1095 defines a "third-party payer" as "an entity that provides an insurance, medical service, or health plan by contract or agreement, including an automobile liability insurance or no fault insurance carrier." 10 U.S.C. § 1095(h)(1). USAA is clearly a "third-party payer" pursuant to both 10 U.S.C. § 1095b(c) and 10 U.S.C. § 1095(h)(1). These statutes make clear that the United States had "the right to collect from [USAA] reasonable charges for health care services incurred by the United States on behalf of [Lee]." 10 U.S.C. § 1095(a)(1); *accord* 10 U.S.C. § 1095b(b); 42 U.S.C. § 2651(a).

¶19 More, the federal TRICARE regulations provide: "The only way for a third-party payer to satisfy its obligation under 10 U.S.C. [§]1095b is to pay the United States or authorized representative of the United States. Payment by a third-party payer to the beneficiary does not satisfy 10 U.S.C. [§]1095b." 32 C.F.R. § 199.12(d)(3). The United States' right to recover costs incurred on behalf of a TRICARE beneficiary "includes the authority under 10 U.S.C. [§]1095(e)(1) for the United States to institute and prosecute

legal proceedings against a third-party payer to enforce a right of the United States under 10 U.S.C. [§]1095b and this section." 32 C.F.R. § 199.12(g)(1). The United States may also "compromise, settle or waive a claim" of its right to reimbursement. 32 C.F.R. § 199.12(g)(2); 10 U.S.C. § 1095(e)(2).

¶20 These statutes and regulations, "in effect at the time" of USAA's negotiations with Lee's counsel, *Freyer*, ¶ 48, obligated USAA to reimburse TRICARE for the costs TRICARE incurred on behalf of Lee. So USAA issuing a settlement check to Lee would "not satisfy" its statutory obligation. 32 C.F.R. § 199.12(d)(3). Rather, the only way USAA could meet its obligation to reimburse TRICARE was "to pay the United States or authorized representative of the United States." 32 C.F.R. § 199.12(d)(3). If USAA did not satisfy its statutory obligation, the United States could "institute and prosecute legal proceedings against" USAA to enforce its right to reimbursement. 32 C.F.R. § 199.12(g)(1); 10 U.S.C. § 1095(e)(1); 42 U.S.C. § 2651(d). Based on the plain language of the governing statutes and regulations, we conclude that the District Court incorrectly determined that "there is no obligation in the TRICARE regulations requiring USAA to protect the government lien."

¶21 Justice Cotter takes issue with our reliance on these statutes and regulations because they were not presented to the District Court, nor to West at the time USAA responded to her demand for policy limits. Dissent, ¶¶ 31, 34. USAA's failure to cite specific statutes and regulations does not mean that those requirements were not part of the "legal landscape as it existed" when USAA conditioned payment of the settlement

12

check upon resolution of the TRICARE liens. *Freyer*, ¶ 48. Our role is to assess objectively whether it was reasonable for USAA to condition payment—i.e., its "proffered defense"—"in light of *that legal landscape*." *Freyer*, ¶ 48 (emphasis added). West's argument, in any event, is that because Lee made an offer to indemnify USAA and Perez, the law did not obligate USAA to address the TRICARE liens before settling Lee's third-party claim, a position that Justice Cotter does not appear to embrace.

¶22 Contrary to West's argument, neither Lee's offer to indemnify nor his obligation pursuant to 32 C.F.R. 199.12(h)(3) to "cooperate" with the United States in any reimbursement action by the United States against USAA affects USAA's statutory obligation to reimburse TRICARE, nor do they impact the United States' right to recover medical payments from USAA. Any agreement between Lee's counsel and USAA would not bind the government or exempt USAA from federal law.[3]

¶23 The District Court was correct that "there is no requirement that USAA name TRICARE on Lee's settlement check." As the District Court pointed out, if USAA had tendered the settlement check with TRICARE as a payee, the check would not have been negotiable until an authorized government agent endorsed it, and Lee could have been denied the insurance proceeds he was entitled to receive. As the District Court also

---

[3] We note that the State Bar of Montana Ethics Committee recently issued an ethics opinion concluding that an attorney should not agree in a settlement release to personally indemnify an insurer from any lien claims against the settlement proceeds for a plaintiff's medical expenses. M. Bar Ass'n, Ethics Op. 131224 (2013). The opinion notes that "[t]his practice presents a number of professional responsibility challenges" and potentially violates multiple rules under the Montana Rules of Professional Conduct. M. Bar Ass'n, Ethics Op. 131224, at 3-7. Because our resolution of the appeal does not turn on the issue of indemnification, we do not discuss the ethics opinion here.

13

observed, Lee's attorney could not have deposited "the check in his . . . IOLTA account until fully endorsed, making it impossible to comply with the Montana Rules of Professional Conduct."

¶24 As the District Court's order recognized, USAA did not, however, just condition payment of Lee's settlement on including TRICARE as a payee on the check—it also gave Lee's counsel the option of "obtain[ing] waivers of any lien or negotiat[ing] the liens." USAA also followed up with the government to determine the status of the liens. Federal law expressly provides that the United States may "compromise, settle or waive a claim" of its right to reimbursement. 32 C.F.R. § 199.12(g)(2); 10 U.S.C. § 1095(e)(2). The District Court erred in not considering USAA's request for lien waiver before concluding that USAA did not have a reasonable basis in law to condition payment of the settlement.

¶25 Justice Wheat also misses the import of USAA's alternative offers for resolving the TRICARE liens. In remarking that USAA "had no lawful basis to refuse to settle Lee's claim based upon the status of TRICARE's lien," Dissent, ¶ 40, Justice Wheat quotes only from the District Court's observation regarding USAA's offer to include TRICARE as a settlement check payee. *See supra* ¶¶ 13-14. His conclusion that "USAA had no legal obligation to protect TRICARE's lien," Dissent, ¶ 40, fails to acknowledge the governing law.

¶26 The District Court properly invoked *Freyer* as the correct framework for analysis. Applying that framework to determine whether USAA had a reasonable basis in law for

14

contesting Lee's claim, we have "survey[ed] the legal landscape *as it existed during the relevant time.*" *Freyer*, ¶ 48 (emphasis added). That landscape compels a conclusion that USAA did have a reasonable basis in law to condition its settlement payment on waiver of the TRICARE lien from the United States. The "only way" for USAA to satisfy its statutory obligation to TRICARE—the secondary payer—was to pay the United States, not to pay Lee. 32 C.F.R. § 199.12(d)(3); *see Conway*, ¶ 32. If USAA had not honored the lien, the United States presumably still could have gone after USAA to enforce its right to reimbursement. 32 C.F.R. § 199.12(g)(1); 10 U.S.C. § 1095(e)(1); 42 U.S.C. § 2651(d). The law "provided sufficient guidance to signal to a reasonable insurer that its grounds . . . were . . . meritorious." *Freyer*, ¶ 48. This is especially so given "the absence of caselaw on point." *See Freyer*, ¶ 48. Accordingly, we hold that USAA's "grounds [for conditioning payment] were reasonable under existing law." *Freyer*, ¶ 48.

¶27 Although USAA did not move for summary judgment before the District Court, "[w]e require no cross-motion . . . when the moving party had a full and fair opportunity to consider the proposition and all other criteria for summary judgment are met." *Watson v. Dundas*, 2006 MT 104, ¶ 30, 322 Mont. 164, 136 P.3d 973 (citing *Canal Ins. Co. v. Bunday*, 249 Mont. 100, 108, 813 P.2d 974, 979 (1991)). West had a full and fair opportunity to argue the law applicable to her bad faith claim, there are no genuine issues of material fact, and USAA is entitled to judgment as a matter of law. We therefore reverse the District Court's grant of summary judgment in favor of West and order it to

15

enter summary judgment in favor of USAA. *See Bunday*, 249 Mont. at 108, 813 P.2d at 979.

## CONCLUSION

¶28    The District Court's order granting summary judgment to West is reversed and the case is remanded to the District Court for entry of judgment in favor of USAA.


/S/ BETH BAKER


We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE


Justice Patricia Cotter, dissenting.

¶29    I dissent.  I begin by reciting significant facts that the Court has omitted from its Opinion. First, USAA consented to Perez entering and filing the consent judgment, and had no objection to the amount of the judgment which does represent actual damages sustained by Lee.  In addition, USAA agreed not to raise any policy defenses to preclude Perez from filing the consent judgment.  There is therefore no issue of collusion or unreasonableness of the settlement amount before us.

¶30    Second, USAA's legal theories have been a moving target from the beginning.  As addressed below, the legal authorities it relied upon when dealing with West and then presented to the District Court were different than those raised on appeal and upon which the Court now relies.  In addition, after arguing in its opening brief before this Court that it was required to

16

include TRICARE on the settlement check, USAA asserted in its reply brief that it was *not* required to include TRICARE as a payee on the settlement check. In short, USAA's legal arguments have been scattershot. These inconsistencies matter because the sole question before the Court is whether USAA had reasonable grounds under the law at the time it imposed the conditions at issue upon the settlement with West.

¶31 In a footnote on ¶ 17, n. 2, the Court rejects West's argument that we should not consider statutes and regulations that were not cited by USAA in its briefing on summary judgment in the District Court, citing our decision in *Junkermier, Clark, Campanella, Stevens, P.C. v. Alborn* for the proposition that we are not confined on appeal to authorities that were presented in the parties' briefs. While that general proposition may be true, it is wholly misplaced in this case because, as the Court states at ¶ 10, the focal question here is whether the insurer's grounds for contesting plaintiff's theories were reasonable under existing law *at the time it imposed the conditions at issue on the settlement*. We must therefore "assess the insurer's proffered defense" that was presented to West in 2013. *Freyer*, ¶ 48.

¶32 When it refused to pay the settlement without TRICARE's name on the check or lien waivers in 2013, USAA did not "proffer a defense" to West premised on 10 U.S.C. § 1095 or TRICARE regulation 32 C.F.R. § 199 and its various sub-parts upon which this Court centers its decision. The statute and the regulations were never mentioned to West, and USAA did not cite these statutes and regulations as authority in its briefing before the District Court. These facts compel the inevitable conclusion that USAA did not *at the time it conditioned the settlement* have reasonable legal grounds under existing law for contesting plaintiff's theories. *Freyer*, ¶ 48.

17

¶33     The Court places much emphasis upon USAA's reference to 42 U.S.C. § 2651 in its dealings with West and its brief opposing summary judgment before the District Court. 42 U.S.C. § 2651 is a general public health and welfare statute that permits the United States to recover sums paid to persons injured in cases where the injury is the responsibility of a third-party. This statute does not reference TRICARE nor does it contain any provision requiring insurance companies to protect government liens. It is 10 U.S.C. § 1095 that addresses medical expenses paid on behalf of members of the military. As 32 C.F.R. § 199.12(a)(1) states, "10 U.S.C. [§] 1095b establishes the statutory obligation of third-party payers to reimburse the United States the costs incurred on behalf of TRICARE beneficiaries." In point of fact, the Court grounds its detailed analysis upon this statute and the supporting regulations set forth in 32 C.F.R. § 199, and not upon 42 U.S.C. § 2651. *See* Opinion, ¶¶ 17-20, 22, 24, 26.

¶34     After extensive review of 10 U.S.C. § 1095 and 32 C.F.R. § 199 and its subparts, the Court states at ¶ 20: "Based on the plain language of the governing statutes and regulations, we conclude that the District Court incorrectly determined that 'there is no obligation in the TRICARE regulations requiring USAA to protect the government lien.'" The problem with this conclusion of course is that USAA did not present these statutes and regulations to the District Court for its consideration. The District Court rightly premised its decision upon the authorities submitted by the parties; it was under no obligation to scour the legal landscape to assist USAA. As we have stated, we will generally "'not address either an issue raised for the first time on appeal or a party's change in legal theory. The basis for the general rule is that it is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider.'" *Becker v. Rosebud Operating Servs., Inc.*, 2008 MT 285,

¶ 17, 345 Mont. 368, 191 P.3d 435 (quoting *Unified Industries, Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, 961 P.2d 100 (internal citations and quotations omitted)).

¶35   I disagree with the Court's conclusion at ¶¶ 17 and 21 that because the TRICARE statutes and regulations were part of the existing legal landscape at the time the settlement was in dispute, USAA had a reasonable basis in law to condition the settlement upon resolution of the TRICARE liens. Respectfully, USAA did not know these TRICARE regulations and statute existed when it conditioned the settlement. It stands to reason that in order to have a reasonable basis in law for a position, one must know what the law is.

¶36   We err in supplying legal authority for USAA's defense long after the fact. In a case in which the intent and knowledge of the insurer at the time it conditioned the settlement is dispositive, we have no business providing retroactive support for a decision USAA made three years ago without citing the governing law, and no business providing USAA with a lifeline now premised upon legal authorities it did not present to the District Court. Given the sparse legal authority USAA provided to the District Court in opposition to West's motion for summary judgment, the District Court did not err in granting summary judgment in favor of West. That is the decision we should be reviewing, not USAA's decision to present new legal authorities on appeal. I therefore dissent from our decision overturning the District Court's order and directing the entry of judgment in favor of USAA.

/S/ PATRICIA COTTER

Justice Michael E Wheat joins in the foregoing dissent.

/S/ MICHAEL E WHEAT

19

Justice Michael E Wheat, dissenting.

¶37    I join the Dissent of Justice Cotter, but provide additional reasons for separating myself from the reasoning of the majority.

¶38    On December 1, 2012, Peter Lee and three others were injured when Julian Perez, the driver of the car in which they were passengers, caused a high-speed rollover collision. Lee's injuries were particularly catastrophic. Perez was insured by USAA. Importantly, by mid-December USAA knew without question that Perez's negligence caused the crash and was absolutely liable for all damages to the injured parties, which would probably exceed policy limits given the extent of the injuries to the parties. More importantly, by this time USAA also knew, or should have known, that TRICARE would be paying some or all of the medical expenses of the injured parties, especially Lee, and would have a subrogation interest in the policy proceeds.

¶39    On June 4, 2013, the Blewett firm notified USAA that they were representing Lee and that policy limits would be inadequate. On August 21, 2013, Blewett offered to settle for policy limits, in exchange for a full release, and placed a 20-day trigger on the offer. On August 28, 2013, USAA agreed by phone to pay, but only if TRICARE was named as a payee or a lien waiver was produced. On September 9, 2013, USAA confirmed its position in writing, and several days later Blewett extended the deadline for settlement and again reiterated a full and final release would be provided to Perez. On October 17, 2013, Lee filed suit against Perez, and shortly thereafter Perez, with the assistance of counsel, entered into a consent judgment with Lee to protect himself from an excess

20

judgment. On March 14, 2014, USAA paid policy limits after Lee provided a TRICARE lien waiver.

¶40     Therefore, by mid-December 2012, USAA knew it was statutorily obligated "to attempt in good faith to effectuate prompt, fair, and equitable settlement" of all claims covered by Perez's policy. Section 33-18-201(6), MCA. At the same time USAA had a duty to defend and protect Perez against any claims and/or judgments resulting from his clear negligence. Additionally, and simultaneously, USAA apparently believed, *for its own protection*, it was required to protect TRICARE's subrogation interest. This last conclusion, however, was incorrect. As noted by the Alabama Supreme Court in *Mut. Assur., Inc. v. Schulte*, 970 So. 2d 292 (Ala. 2007), "the inquiry relevant to a claim alleging bad faith failure to settle is whether the insurer's failure to settle had any 'lawful basis,' that is, whether the insurer had any 'legitimate or arguable reason for failing to pay the claim.'" *Schulte*, 970 So. 2nd at 296 (citations omitted). In the case before us, the District Court, based upon the arguments presented to it as discussed in Justice Cotter's Dissent, concluded that USAA's "unilateral decision" to protect TRICARE's lien, was "without support in statute, regulation, or common law." In other words, USAA had no legal obligation to protect TRICARE's lien; consequently, it had no lawful basis to refuse to settle Lee's claim based upon the status of TRICARE's lien.

¶41     Moreover, if TRICARE's lien status posed significant problems to USAA's settlement determination, upon USAA's realization of its obligation to settle Perez's claim, it should have undertaken actions in December 2012 to insure that TRICARE's

21

subrogation interest would not hinder settlement rather than delaying settlement and imposing the obligation to obtain a TRICARE lien waiver on Lee.

¶42    Under these facts, I submit that USAA violated its obligations to its insured and to the injured parties to exercise good faith to enter into a prompt, fair and equitable settlement.  Instead, it delayed until a demand was made and then unilaterally imposed a requirement that TRICARE be named as a co-payee or that Lee obtain a lien release, equally for its own benefit and protection, even though Lee's attorneys offered to fully release and indemnify both USAA and Perez.  At the expense of Perez and Lee, USAA demanded that Lee's attorneys agree to protect USAA, when USAA did nothing to protect itself, and was obligated to do so.

¶43    For these reasons and the reasons expressed by Justice Cotter, I dissent.


                                                    /S/ MICHAEL E WHEAT